UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TEMECULA, et al.,<br><br>Defendants. | Case No. ED CV 17-00217 RGK (RAO)<br><br>ORDER ACCEPTING FOURTH INTERIM REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's Motion to Vacate, Plaintiff's Motion for Partial Summary Judgment ("First Motion"), Plaintiff's Second Motion for Partial Summary Judgment ("Second Motion"), all of the other records and files herein, and the Fourth Interim Report and Recommendation of United States Magistrate Judge ("Fourth Interim Report"). Further, the Court has engaged in a *de novo* review of those portions of the Fourth Interim Report to which Plaintiff has objected.

First, Plaintiff notes that the Court "went out and did a significant amount of research, and legal analysis, and citing new cases," and he faults the Court for doing "a tremendous amount of legal research and argument presentation which Defendants failed to raise." (Objections, Dkt. No. 226 at 1-2.) This objection is

///

without merit, as the Court must set forth and apply the relevant law, regardless whether the parties cited all cases in their arguments.

Second, Plaintiff disputes the Fourth Interim Report's characterization of the parties' failure to meet and confer before Plaintiff filed his Second Motion, and he attempts to explain the circumstances regarding the meet and confer process. (Objections at 2-3.) Plaintiff has shown no prejudice arising from this concern, as the Fourth Interim Report nevertheless considered the Second Motion on the merits. (*See* Fourth Interim Report at 3-4 n.2.)

Third, Plaintiff notes that his Motion to Vacate "states Klausner was going to decide that matter." (Objections at 3.) However, on January 4, 2019, the Court referred the Motion to Vacate to Magistrate Judge Oliver for recommendation. (Dkt. No. 196.) Although Plaintiff also expresses his disagreement with the Fourth Interim Report's recommendation on the Motion to Vacate, he identifies no legal error or basis for altering the recommendation.

Fourth, Plaintiff contends that the Fourth Interim Report misstates his single uncontroverted fact that was presented with the First Motion. (Objections at 4.) In doing so, Plaintiff refers to a statement contained within his declaration, rather than what was contained within his Statement of Uncontroverted Facts and Conclusions of Law. The Court finds no error in the Fourth Interim Report with respect to this issue.

Fifth, Plaintiff reargues the merits of Claims 3, 6, and 14. (Objections at 4-17.) But as the Fourth Interim Report noted, Defendants presented evidence that disputed the alleged unreasonableness of their interactions with Plaintiff. The Court therefore cannot find that Plaintiff has shown no genuine dispute of material fact as to these claims.

Sixth, Plaintiff contends that 46 unlawful detentions should be sufficient to establish municipal liability. (Objections at 18.) According to Plaintiff, Lieutenant Spivacke's declaration, which was submitted by Defendants, is insufficient to

dispute the existence of a policy to violate Fourth Amendment rights. (*Id.*) The declaration asserts that Lieutenant Spivacke is "familiar with the policies and procedures of the Sheriff's Department," and "[t]he policies of the Sheriff's Department do not allow detentions without reasonable suspicion." (Dkt. No. 83 at 28; *see* Fourth Interim Report at 48-49, 65.) Plaintiff's argument that Lieutenant Spivacke "claims no knowledge as to the *unofficial* policies, customs or patterns of conduct" (emphasis added) is unconvincing. The Fourth Interim Report properly found a genuine dispute as to the existence of a custom, policy, or practice.

Seventh, Plaintiff argues that the Court incorrectly considered his claim for deliberate indifference by Defendant Riverside and Defendant Temecula. (Objections at 18.) Plaintiff cites *Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1185-86 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016), and the Ninth Circuit's Model Jury Instructions for the proposition that *Monell* liability is irrelevant to a deliberate indifference claim. (*See* Objections at 18-21.) Plaintiff appears to misinterpret the legal standard. In *Gibson*, the Ninth Circuit considered two approaches to municipal liability. In the first approach, when considering whether a municipality itself violated a person's rights or directed an employee to do so, the focus is on the municipality's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Gibson*, 290 F.3d at 1187. In the second approach, a plaintiff must show that a municipal employee violated his rights, that the municipality has customs or policies that amount to deliberate indifference, and that the policies were the moving force behind the employee's violation of the plaintiff's rights, "in the sense that the [municipality] could have prevented the violation with an appropriate policy." *Id.* at 1194. In both approaches, the plaintiff must show the existence of a violative policy. Similarly, the Ninth Circuit's Model Jury Instructions require a plaintiff to prove the existence of inadequate policies. *See* Ninth Circuit Model Jury Instructions 9.8. Although

Plaintiff contends that he has established his claim "by a preponderance of the evidence" (Objections at 21), to be entitled to summary judgment, Plaintiff must show that there is no disputed material fact. As Defendants have provided evidence that disputes the existence of policies that violate constitutional rights, the Fourth Interim Report correctly found that summary judgment is not appropriate.

Eighth, Plaintiff reargues that Temecula Municipal Code section 10.16.130 is vague based on an officer's alleged mistake of fact in citing Plaintiff under the code section. (*See* Objections at 21-23.) As discussed in the Fourth Interim Report, the necessity of an objectively factual determination does not render a statute vague. (*See* Fourth Interim Report at 71-72 (citing *United States v. Williams*, 553 U.S. 285, 306, 128 S. Ct. 1830, 1846, 170 L. Ed. 2d 650 (2008)).) Plaintiff also contends that the Court ignores his argument regarding the portion of the law that authorizes citations for "remaining parked for longer than reasonably appropriate to do such business or acts related to such business operations," such as in a shopping center parking lot. (Objections at 23.) In stating so, Plaintiff seemingly ignores the Fourth Interim Report's explanation of why he may bring only an as-applied challenge to the subsection for which he was cited. (Fourth Interim Report at 70-71.) As the Court must consider Plaintiff's vagueness challenge only as applied to the facts of his particular situation, the Court need not entertain Plaintiff's unrelated hypothetical.

Accordingly, the Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that Plaintiff's Motion to Vacate, Plaintiff's Motion for Partial Summary Judgment, and Plaintiff's Second Motion for Partial Summary Judgment are DENIED.

DATED: April 11, 2019

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE